IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO

                    Petitioner,                        ORDER

          v.                                      3:07-cv-00673-bbc

RICK RAEMISCH, Secretary,
Wisconsin Department of
Corrections and DAVID H.
SCHWARZ, Administrator,
Division of Hearings and Appeals,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 29, 2007, Daniel Maldonado, a prisoner at the Sauk County Jail in Baraboo, Wisconsin, filed a proposed complaint in this action comprising 51 pages of purported exhibits and pages of handwritten text. Subsequently, this court ordered petitioner to pay an initial partial payment of the $350 filing fee, which petitioner paid on January 8, 2008. Between November 29 and January 8, however, petitioner filed three additional documents that he appears to intend as addenda to his complaint. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.") Two of the three documents are 61 pages long each. Each

1

contains a mix of pages containing legal argument, factual assertions, and new or duplicate pages of exhibits.  The third document is titled "Motion for John Doe Investigative Proceeding" and is 8 pages long.

Unfortunately, whether taken alone or in combination, petitioner's submissions contain rambling allegations of wrongdoing that are impossible to make out.  Most of petitioner's complaint appears to concern the alleged shortcomings of his probation officer, one or more former conditions of his probation and the current validity of his confinement.

Fed. R. Civ. P. 8. requires that a complaint 1) set forth a "short and plain statement of the grounds for the court's jurisdiction"; 2) "a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought."  In addition, pursuant to Rule 8(d), "each allegation must be simple, concise, and direct."  As noted above, petitioner's complaint is far from short and plain and his averments are not simple, concise or direct.

"The primary purpose of [Rule 8] is rooted in fair notice:  a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'"  Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994) (119-page, 385-paragraph complaint "violated the letter and spirit of Rule 8(a).")   Petitioner's complaint fails to give respondents Schwarz and Raemisch a clear idea what it is they are alleged to have done to violate petitioner's

2

constitutional rights.

Moreover, a complaint ordinarily should not be accompanied by evidentiary materials. The submission of evidentiary materials is proper in support of motions for a preliminary injunction or summary judgment, or at trial. Petitioner's attempts to incorporate the content of numerous "exhibits" into the complaint are contrary to the dictates of Rule 8.

Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint in which he 1) sets out his claims against each of the respondents in short and plain statements made in numbered paragraphs; 2) removes the exhibits and eliminates any references to them; and 3) identifies exactly what relief he wants from the court.

In deciding which claims should be included in the complaint, petitioner should be aware that to the extent he might be claiming that his current custody is illegal, he cannot raise that claim in the context of a civil action. If the relief to which he would be entitled would result in a shortening of the length or duration of his custody, his only way of obtaining that relief is to file a petition for a writ of habeas corpus. Before he files such a petition, he must first take his claims of illegal custody to the state courts.

If petitioner submits a complaint that complies with Rule 8, I will screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). However, if he fails to submit a complaint

3

that complies with Rule 8, I will dismiss this case on the court's own motion.

ORDER

IT IS ORDERED that petitioner's complaint is DISMISSED for his failure to comply with Fed. R. Civ. P. 8.  Petitioner may have until February 11, 2008, in which to submit a proposed complaint that conforms to the requirements of Fed. R. Civ. P. 8, as explained above.  If, by February 11, 2008, petitioner fails to file the required amended complaint or show cause for his failure to do so, then this case will be dismissed without prejudice on the court's own motion.

Entered this 28th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4